# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 20-0699V
UNPUBLISHED

| | |
|---|---|
| KILEY LOGAN, | Chief Special Master Corcoran |
| Petitioner, | |
| v. | Filed: October 8, 2021 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Special Processing Unit (SPU); Ruling on Entitlement; Prior Findings of Fact; Concession; Table Injury; Influenza (Flu); Shoulder Injury Related to Vaccine Administration (SIRVA). |
| Respondent. | |

*Zachary Hermsen, Whitfield & Eddy Law, Des Moines, IA, for Petitioner.*

*Lynn Christina Schlie, U.S. Department of Justice, Washington, DC, for Respondent.*

## RULING ON ENTITLEMENT[1]

On June 9, 2020, Kiley Logan filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a right shoulder injury related to vaccine administration ("SIRVA") as a result of the influenza ("flu") vaccine administered on November 7, 2019. Petition at 1-2. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 7, 2021, Respondent filed his Rule 4(c) report in which he **concedes** that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report (ECF No. 38) at 1. Specifically, Respondent concludes that Petitioner's claim meets the Table criteria for SIRVA. *Id.* at 5-6 (citing 42 C.F.R. §§ 100.3(a), (c)(10)).

---

[1] Because this unpublished opinion contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the opinion will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.

IT IS SO ORDERED.

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master